Mr. Justice Johnson
delivered the opinion of the court:
Departing from the usual order, I will first consider the £nd. ground.
The general rule is, that it is no justification of slander-©us words, that the defendant heard them from another ; for every one is answerable for the slander which he propagates, (2 Esp. Dig. 106-517. J The case of Davis vs. Lewis, (1 Term. Rep. 17,) has carved out an exception to the rule. In that case, the court says the defendant may justify, if, at the time of speaking the words he names him, from whom he heard them, and if in truth, he did hear them -from another. The reason given is, that by giving the name of the original slanderer, the-plaintiff has a direct remedy against the original wrongdoer. But the case of Martland vs. Goldney, (2 East. 246,) has given a limitation to the operation of this exception. To support the justification, the defendant must use the words of the original slanderer, so far as rotates to the gist ®f the charge against the plaintiff. It follows, therefore, that the exception never was intentend to protect a defendant in the gratification of his malice,''by taking shelter under a falsehood published by another, but to protect one, who, without malice and for purpose necessary to the very existence of society, inquires into and investigates the characters of men ; and the true meaning of the exception, is, that it is a justification only so far as it is evidence of the want of malice; as when one, without any affirmation of the truth of the fact, states what he has heard from another, then the presumption of malice, arising from the publication of the slanderous words, is repelled by the occasion and manner of speaking ; but it Will not hold good when, from the circumstances, it is manifest that the defendant used the words with an intention to defame the plaintiff, although he gave the very words, and the name of the author. As in this case, when the defendant took upon himself to affirm the truth of the words, then he is responsible for their truth upon whatever authority. they may have been spoken. By so doing, 'he superadds his *288 own authority and influence, and inflicts a new injury, for which he alone is responsible.
In this case, the defendants own witness,' independen» of those adduced by the plaintiff, stated that he had affirmed that the plaintiff had stolen a cart tire, but added that he could prove that Joseph Simpson had said so. ' He did then give his sanction and the influence of his own affir - mation to the propagation of a slander, and he is responsible for the consequences.
I shall next proceed to consider the first ground of the motion.
Malice is the very gist of the action of slander, and it follows of necessity, that all the circumstances which go to prove it, or from which it may be inferred, necessarily enter into it. It. may', and is frequently implied from the words spoken, and this implication is strengthened or repelled by the occasion and manner of speaking, and all the variety of circumstances which could enter,into such a thing; and there is, perhaps, no circumstance which more strongly marks the character as to the quo animo, than their frequent repetition. It is the evidence of a malicious heart brooding over its victim. On this principle, it was held in the case of Challer v. Barrel, (Peake, N. P. 25,) that words spoken subsequently to those laid in the declaration were admissible. Another case decided on the circuit, in this state, is recollected by my brother Gantt, which aecords with this principle, in which, when the case was called for trial, when the charge was that the plaintiff was a hog thief, Mr. Justice Grimke, our late senior associate, permitted evidence to go to the jury, that the defendant said to the plaintff, when preparing for the trial, “I will make the pigs squeal in your ears.” It i& clear, therefore, that the same words, whether spoken before or after action brought, are admissible.
The third and last ground involves no principle.' The court do not see in the amount of the verdict, any thing *289 like that excess and outrage of public feeling which would justify their interposing.
Clendinen, for the motion,
Williams, contra.
The motion is refused.